Kone v. Lynch

BIA
Laforest, IJ
A089 252 077

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of July, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

KALILOU KONE, AKA SYLLA SOULEYMANE, AKA BARRY ISSA,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

15-618
NAC

_____

FOR PETITIONER:        Joshua Bardavid, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Nancy F. Friedman, Justin R. Markel, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kalilou Kone, allegedly a native and citizen of the Ivory Coast, seeks review of a February 5, 2015, decision of the BIA, affirming a July 11, 2013, decision of an Immigration Judge ("IJ") denying Kone's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kalilou Kone,* No. A089 252 077 (B.I.A. Feb. 5, 2015), *aff'g* No. A089 252 077 (Immig. Ct. N.Y. City July 11, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). Substantial evidence supports the agency's determination that Kone was not credible as to his claim that he was persecuted and his father killed in the Ivory Coast on account of their ethnicity and political opinion.

In finding him not credible, the agency reasonably relied on Kone's admission that, in addition to using a false passport to enter the United States, he used a second false identity to apply for work authorization with U.S. immigration authorities. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."); *see also Borovikova v. U.S. Dep't of Justice*, 435 F.3d 151, 157-58 (2d Cir. 2006). Although there are limitations to the "*maxim falsus in uno, falsus in omnibus* (false in one thing, false in everything)," including when the false evidence or statements were necessary to escape persecution, Kone's use of a false identity to secure an immigration benefit (work authorization) while already safely within the United States was not so excused. *Siewe*, 480 F.3d at 170 (quoting *Lin Zhong v. U.S. Dep't of Justice*, 461 F.3d 101, 123 (2d Cir. 2006)).

Moreover, when Kone was asked if he had applied for work authorization in August 2005, he replied that he could not remember. The IJ reasonably found this response suspect because he should have remembered that he had claimed to have been, at that time, living (and persecuted) in the Ivory Coast. *Cf. Xiu Xia Lin*, 534 F.3d at 166 n.3 (providing that an omission

3

is the equivalent of an inconsistency and can support an adverse credibility determination).

Having questioned Kone's credibility, the agency reasonably relied further on his failure to provide any evidence corroborating his past persecution as needed to rehabilitate his testimony or independently establish his eligibility for relief. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Contrary to Kone's contention, the agency was not required to make a specific finding as to the availability of such evidence in light of the IJ's adverse credibility findings. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006).

Given Kone's submission of a false application for immigration benefits and his failure to corroborate his claim of past persecution, the agency's adverse credibility determination is supported by substantial evidence. *See Siewe*, 480 F.3d at 170; *Biao Yang*, 496 F.3d at 273. That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Accordingly, we do not consider the agency's alternative bases for denying relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies

4

are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk